[Civ. No. 1905.   Second Appellate District.—July 31, 1917.]

IRVIN H. BETTS, Respondent, v. C. N. ORTON, Appellant.

CONTRACT—PAYMENT OF PROMISSORY NOTE—PROCEEDS FROM SALE OF GROWING CROP LESS HARVESTING EXPENSES—INTERPRETATION. OF TERM.—An agreement indorsed on the back of a promissory note given in payment for the purchase price of the payee's interest in a growing crop of grain, which was owned jointly by the payee and maker of the note, that the payee should look for payment solely to the proceeds of the sale of the crop "after any and all harvesting expenses" had been paid out of the proceeds realized from the sale of the crop, is not to be interpreted as limiting the harvesting expenses to only such expenses as the maker of the note might incur in the cutting and threshing of the crop, but includes the cost of making repairs to the machinery used in harvesting, rent of livestock, and implements required, cost of labor, and board of men.

ID.—INTERPRETATION OF CONTRACTS.—Contracts are to be interpreted so as to give effect to the mutual intention of the parties, which intent, where the language is clear and explicit and does not involve an absurdity, is to be ascertained from the language thereof; it is only where it is doubtful, uncertain, or ambiguous that the circumstances surrounding the making of the contract become important in ascertaining the intent of the parties.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Frank B. Graves, for Appellant.

Robert W. Green, and J. L. C. Irwin, for Respondent.

SHAW, J.—This is an action which partakes of the nature of a demand for an accounting, wherein plaintiff asks to have a certain note given by him to defendant canceled, and also seeks to recover a balance alleged to be due him from defendant. Judgment went for plaintiff from which, and an order denying his motion for a new trial, defendant appeals.

The material facts, as appear from findings made by the court, are as follows: Plaintiff and defendant were joint owners of a four-fifths interest in a growing crop of grain. On May 27, 1914, plaintiff bought defendant's interest therein, giving in payment for the purchase price of two thousand five hundred dollars his promissory note secured by a mortgage on the growing crop. On the back of the note was indorsed an agreement executed at the time by defendant to the effect that the payee thereof should look for payment solely and alone to the proceeds of the sale of the crop "after any and all harvesting expenses in the harvesting of said crop have been fully paid out of the proceeds realized from the sale of said crops." The crops were harvested and sold for the sum of $5,770.90, of which sum defendant received $3,772.95, out of which he paid on account of harvesting $1,376.28, leaving a balance of $2,396.67, which he applied in payment of the note. In addition to the amount so paid by defendant toward the expenses of harvesting, plaintiff received direct from the purchaser of the grain certain moneys which, when added to the sum so paid by defendant, left a balance, as found by the court, of $835 still due plaintiff out of the proceeds of the sale for the expense of harvesting. Upon this last sum the court found he had received from defendant $249.45, leaving a balance of $585.59 due him from the amount so received by defendant, for which judgment was rendered. These findings, which are material to the issues joined, find ample support in the evidence. Other findings attacked by appellant, even conceding insufficiency of evidence, as claimed, to support them, are, from our point of view, deemed immaterial. Among such facts the court found that plaintiff tended, took care of, harvested, and threshed the said crops and delivered the same to defendant

prior to October 31, 1914, in accordance with the terms of the mortgage, and that defendant sold the same to the Chinn Warehouse Company, receiving therefor the sum of $5,770.90. There was testimony on the part of defendant that some ninety acres of the crop was overripe or burned, as a result of which it was damaged some thirty per cent. But there is no evidence tending to show that such fact was due to any negligence on the part of plaintiff; nor can it be ascertained from such testimony what the amount of such alleged loss or damage was, since it is not made to appear what the production would have been had it been harvested as defendant claims it should have been. It also appears that physical delivery of the grain was not made direct to defendant, but to the Chinn Warehouse Company, purchaser thereof, and that plaintiff received directly from the purchaser a certain sum of money, which, however, was insufficient to pay the harvesting expenses; the balance being paid by the purchaser to defendant. Hence, conceding that the grain was not delivered directly to defendant, as found by the court, and that defendant did not receive all of the proceeds of the sale thereof, such facts, under the circumstances, are immaterial.

The chief ground for the controversy appears to have been a dispute between the parties as to the meaning of the agreement indorsed upon the back of the note and as to what constituted "harvesting expenses," defendant insisting that the agreement should be read, not in accordance with the plain import of the language used therein, but that the term "harvesting expenses" referred only to such expenses as plaintiff might have *incurred* in the cutting and threshing of the crop. We find no error in the ruling of the court in this regard. The meaning of the agreement appears to be clear and unambiguous, namely, that out of the proceeds of the sale of the grain plaintiff should be entitled to a sufficient sum to meet the expenses of harvesting the same. The disputed claim of several hundred dollars was made up of many items, such as the cost of making repairs to machinery used in harvesting the crop, rent of livestock and implements likewise required for such purpose, cost of labor, board of men, all of which the court upon sufficient evidence found were proper charges under the terms of the agreement. Upon the record we are unable to perceive any reason why plaintiff was not entitled to reasonable compensation in the way of hire

or rent for the use of mules owned by himself and which were worked in the harvest field.

Contracts are to be interpreted so as to give effect to the mutual intention of the parties (Civ. Code, sec. 1636), which intent, where the language is clear and explicit and does not involve an absurdity, is to be ascertained from the language thereof. It is only where it is doubtful, uncertain, or ambiguous that the circumstances surrounding the making of the contract become important in ascertaining the intent of the parties. No such uncertainty exists in this case.

As disclosed by the record, defendant appropriated and applied in payment of the note the sum of $585.59 in excess of that to which he was entitled. Plaintiff was entitled to judgment for such excess.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.